Ballard Spahr LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Michael Berry
Tel: 215.988.9773
berrym@ballardspahr.com

August 26, 2026

U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse, 601 Market Street
Philadelphia, PA 19106

Re: *Atlas Data Privacy Corp. v. We Inform, LLC, et al.*, Nos. 25-1555 et al.

Dear Judges Bibas, Freeman, and Chung:

"To resolve this case," this Court needed "to know whether and what mental state(s)" N.J.S.A. 56:8-166.1 of Daniel's Law "requires for liability." 3d Cir. Order (Dkt. 103) at 1. The Court has its answer: The Law imposes liability without fault. *See* N.J. Op. (Dkt. 109). That means it is unconstitutional.

The New Jersey Supreme Court held "Daniel's Law does not contain a mental state requirement for actual damages liability." *Id.* at 7. In reaching that holding, the court ruled the notice requirement is not "a proxy for a mental state" and the "other subsections" do not require a mental state either. *Id.* at 28, 30. As the court explained, if a defendant fails to comply with a notice, it automatically "shall be liable," and, once liability attaches, a court "shall award … actual damages." *Id.* at 28 (quoting N.J.S.A. 56:8-166.1(b), (c)(1)). The court recognized this holding could "create constitutional issues," but nevertheless declined "to construe Daniel's Law to avoid constitutional infirmity." *Id.* at 41. That decision leaves no doubt N.J.S.A. 56:8-166.1 is facially unconstitutional. None of its provisions can stand.

***The Law cannot withstand First Amendment scrutiny.*** As explained previously, the Law is unconstitutional – regardless of the remedy imposed – because it is over- and under-inclusive and thus not tailored to serve its interest in protecting covered persons. Defs. Br. at 25-41; Defs. Reply Br. at 20-28. The New Jersey Supreme Court's decision makes that even clearer. As this Court observed, "a law's lack of a mens rea suggests inadequate tailoring." 3d Cir. Order at 7.

As a content-based restriction on speech, the Law is subject to strict scrutiny and must be the "least restrictive means" of achieving its goal, "curtail[ing] speech as little as possible." *Camp Hill Borough Republican Ass'n v. Borough of Camp Hill*, 101 F.4th 266, 271 (3d Cir. 2024). Imposing strict liability for true, protected speech is not the least restrictive means to protect public officials, as prior versions of New Jersey's law and numerous other similar laws demonstrate. *See* AG N.J. Br. at 26 (recognizing strict liability makes the Law "a national outlier with First Amendment

implications”); Defs. Br. at 39.[1]

Even if lesser scrutiny applied, the Law would fail because it is not “narrowly tailored.” Defs. Reply Br. at 20-28. The New Jersey Supreme Court’s decision underscores that the Law imposes liability for *all* disclosures made in *any* way to *any* person in *any* circumstance. Liability attaches regardless of whether an entity made reasonable efforts to comply with a notice or had a benign purpose for disclosing information. And it attaches regardless of whether “the information is private” or plaintiffs “have a ‘reasonable expectation of privacy’ in the matters disclosed.” N.J. Op. at 39. Thus, the Law imposes liability even if a defendant merely republishes information that is widely available online, disclosed by the government on its websites, or posted by covered persons on their social media profiles – disclosures that pose identical or even greater risks. Pls. N.J. Br. at 43 (Law applies “[r]egardless of whether any particular disclosure has a ‘nexus’ with a discrete safety risk”). That is far from the tailoring the First Amendment demands.[2]

Because the Law fails any level of First Amendment scrutiny, there is “no set of circumstances” where it is valid, and it must be struck down. *Bruni v. City of Pittsburgh*, 824 F.3d 353, 363 (3d Cir. 2016) (when a law “fails the relevant constitutional test,” it “can no longer be constitutionally applied to anyone”).

***In addition, the Law is unconstitutional because it imposes strict liability.*** On this, there is no real dispute. The district court recognized that “a strict liability standard … would likely render the law unconstitutional” and “could lead to absurd results.” JA119. Appellees agree that strict liability poses “a constitutional problem.” Pls. Br. at 51; *see* Pls. N.J. Br. at 23 (“Imposing strict liability on defendants who cannot feasibly comply with Daniel’s Law would be absurd.”); AG N.J. Br. at 51 (there is “no dispute” strict liability “would at least raise serious constitutional issues”). Indeed, although it would have made enforcement easier, Appellees have never argued the Law imposes strict liability. They instead spent two years straining to convince courts to construe the Law to require a mens rea, offering the New Jersey Supreme Court an array of possible standards in the name of constitutional avoidance – an invitation that court unanimously declined. N.J. Op. at 33, 40-41.

---

[1] New Jersey Supreme Court filings (“N.J.”) are found here. District court filings (“D.N.J.”) are found in *Atlas Data Privacy v. Lightbox Parent*, No. 24-cv-04105.

[2] Appellees have argued for a watered-down form of scrutiny by claiming the Law is tied to “privacy” interests. Pls. Br. at 17-32; AG Br. at 19-29. Setting aside there is no “privacy” exception to strict scrutiny, Defs. Br. at 41-44, that characterization of the Law was rejected by the New Jersey Supreme Court, *see* N.J. Op. at 39.

Appellees' concessions come as no surprise. In at least "[f]our lines of cases," the Supreme Court has held that "if a law lacks a mens rea and its absence would chill lawful speech, that lack violates the First Amendment." 3d Cir. Order at 7 (citing *Counterman v. Colorado*, 600 U.S. 66, 75-78 (2023)); *e.g.*, *Am.-Arab Anti-Discrimination Comm. v. City of Dearborn*, 418 F.3d 600, 613 (6th Cir. 2005); *Video Software Dealers Ass'n v. Webster*, 968 F.2d 684, 691 (8th Cir. 1992) (both striking down strict-liability laws); *see also* Defs. Br. at 53-55; Defs. Reply Br. at 28-31.[3]

Here, a mens rea is "especially important" because the Law "targets *protected* rather than unprotected speech." 3d Cir. Order at 7; *see Counterman*, 600 U.S. at 76 ("the uncertainties and expense of litigation will deter speakers").

With no mens rea, this Law's chilling effect is severe. It imposes liability even if the defendant has no knowledge a notice was received, a person is covered, a sender is authorized, an address is for a home, or a phone number is unpublished. N.J. Op. at 31 ("notice requirement says nothing of the mental state" required for "liability to attach"). The Law mandates that when liability attaches, a court "shall award" both damages and attorneys' fees. It pairs these monetary penalties with an assignment provision that puts enforcement in the hands of profit-seeking litigants who can flood entities with notices, file shotgun pleadings, and reap large liquidated damages and attorneys' fees awards – regardless of whether the defendant was aware of the notices, made its best effort to comply, or even was capable of complying in time. Fear of this kind of strict-liability litigation will compel people to "take down more data than required," thereby "chill[ing] speech that [the Law] does not cover." 3d Cir. Order at 8. The First Amendment does not tolerate such a law.[4]

---

[3] Appellees have never identified a content-based law imposing strict liability. The only allegedly strict-liability law they have cited is the Telephone Consumer Privacy Act (TCPA), referencing it as an analogous "opt-in" "privacy" statute. AG Br. at 23. The TCPA has little in common with Daniel's Law, as it imposes liability based on the <u>manner</u> information is conveyed. *See* Pls. Br. at 17 n.7 (TCPA "regulates robocalls"); *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, 636 (2020) (striking down content-based exception). Unlike Daniel's Law, the TCPA does not forbid conveying the same content through other means. *See* Defs. Reply Br. at 20-21 (distinguishing consumer privacy and do-not call laws on similar basis).

[4] It makes no difference if the criterion for restricting the speech is "clear and objective." 3d Cir. Order at 8. Indeed, in *Florida Star*, the Supreme Court held that imposing liability under a statute that had "no scienter requirement of any kind" would violate the First Amendment, even though the statute provided a clear and

***The severability doctrine cannot save N.J.S.A. 56:8-166.1.*** Appellees have suggested that if the actual damages provision is declared unconstitutional, the severability doctrine should be used to salvage the Law's civil cause of action. *E.g.*, AG Br. at 49-50 (asking Court not to strike the "substantive requirements" and "punitive-damages provision").[5] That doctrine does not apply because the Law's components are "intimately connected with and dependent upon each other." *N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 397 (3d Cir. 2012).

First, striking the actual damages provision would not make the Law constitutional. Each of its other remedies depends on the same poorly-tailored features which make that provision unconstitutional: the Law's limitless definition of "disclose," its ill-tailored restriction on speech, and its imposition of strict liability. *See id.* (severability does not apply, for example, "where a provision defining terms … cannot be severed … without rendering the statute meaningless").

Second, the actual damages provision is the linchpin of the Law. Through amendments, the Legislature intentionally enacted a damages-based regime. N.J. Op. at 19-27. That is a point Appellees have emphasized repeatedly. For instance, Atlas has claimed that "[w]ithout the threat of monetary liability," including "default damages," defendants "would have virtually no incentive to comply with the law." Pls. Br. at 47-48; *see also* Pls. D.N.J. Br. (Dkt. 49) at 33 (arguing that Legislature enacted liquidated damages because, without them, covered persons "would have no real prospect of ever enforcing their rights").

Third, without the actual damages provision, the other remedies in N.J.S.A. 56:8-166.1(c) cannot "stand on their own." *State v. Higginbotham*, 313 A.3d 847, 863 (N.J. 2024). Start with the punitive damages provision. Under New Jersey law,

---

objective criterion about what information was unlawful to publish: the "name … of the victim of any sexual offense." *Fla. Star v. B.J.F.*, 491 U.S. 524, 527, 539 & n.1 (1989). In any event, the Law's criteria are not clear. While entities might know they are disclosing a phone number, for example, there is no criteria for whether a number is considered "unpublished," and no mechanism for a recipient to determine if a person is "covered" or a sender is "authorized." Defs. Br. at 29-31.

[5] In responding to this Court's certification order, Atlas asked the New Jersey Supreme Court to consider, "if N.J.S.A. 56:8-166.1(c)(1) is held unconstitutional, does the balance of the statute remain valid under New Jersey severability and 'judicial surgery' principles." Pls. N.J. Am. Stmt. of Recertif. at 5. The court declined to address that issue, N.J. Op. at 7, and then expressly left the question of "whether Daniel's Law is constitutional" to this Court "to determine," *id.* at 41.

an award of compensatory damages is a statutory predicate for an award of punitive damages. N.J.S.A. 2A:15-5.13(c); *see In re Estate of Stockdale*, 953 A.2d 454, 473-74 (N.J. 2008) (recognizing "requirement that there be a compensatory award" for a punitive award). And without actual damages, courts cannot assess the propriety of punitive damages awards. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003) (punitive damages must be "reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered").

Next, take the attorneys' fees provision. Like actual damages, fees and costs are imposed on a strict liability basis; they chill speech in the same way. *See* 3d Cir. Order at 6 (beyond the punitive damages provision, "the statute does not appear to require any mens rea for other forms of relief"). Also, absent the damages provision, the mandatory fees provision does not "make sense." *N.J. Chamber of Com. v. Hughey*, 774 F.2d 587, 597 (3d Cir. 1985). Standing alone, it simply would provide enterprising lawyers with an easy way to profit from technical violations, without providing covered persons any relief.

Finally, the Law's catchall provision allowing courts to award "other preliminary and equitable relief" cannot stand alone either. This discretionary provision is explicitly contingent on an award of "other" relief. And unlike the original Law's section creating a clear stand-alone "action seeking injunctive or declaratory relief," 2020 N.J. Sess. Law Serv. Ch. 125, § 7 – which the Legislature repealed – the indeterminate supplemental relief authorized by this subsection is not a "comprehensive and cohesive" regime. *Hughey*, 774 F.2d at 597.

Ultimately, any effort to perform judicial surgery would result in rewriting the Law. That is the Legislature's job. *Old Coach Dev. Corp. v. Tanzman*, 881 F.2d 1227, 1235 (3d Cir. 1989) (courts should not "undertak[e] the quintessentially legislative task of formulating a new statute"). It is well equipped for this task – in fact, it is already considering a bill to replace N.J.S.A 56:8-166.1. *See* Defs. N.J. Reply Br. at 25 n.14; *see also Old Coach*, 881 F.2d at 1235 (striking down entire Act where "New Jersey authorities have already prepared some legislation … as a substitute"). Striking the civil liability section of Daniel's Law does not mean the government's interest will go unserved in the interim. The other sections applying to the government and imposing criminal liability are not at issue, and N.J.S.A. 56:8-166.1 is "plainly severable" from those sections. AG D.N.J. Br. (Dkt. 48) at 13 n.5.

Accordingly, Defendants respectfully request that the Court reverse the district court's order and hold N.J.S.A 56:8-166.1 facially unconstitutional.

Respectfully submitted,

*On behalf of All Defendants-Appellants*

*/s/ Michael Berry*
Michael Berry
Marcel S. Pratt
Anna Kaul

*Attorneys for Defendants-Appellants*
*Thomson Reuters Enterprise Centre GmbH*
*and West Publishing Corporation (No. 25-1570)*

cc: All Counsel of Record (via ECF)