BSF | BOIES SCHILLER FLEXNER

November 2, 2026

**<u>VIA ECF</u>**
Patricia S. Dodszuweit
Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *Atlas Data Privacy Corp v. We Inform, LLC*, et al., No. 25-1555 through 25-1578, 25-1581 through 25-1593; and 25-1677 Response to Notice of Supplemental Authority Pursuant to Fed. R. App. P. 28(j) regarding *Jackson v. Thomson Reuters America Corp.*, No. 25-2121, 2026 WL 3211190 (4th Cir., Oct. 27, 2026),

Dear Ms. Dodszuweit:

*Jackson*, held only that the West Virginia law was unconstitutional because it "*alone* does not require notification as a precondition of liability." *Id.* at 18. That holding is irrelevant here because New Jersey's Daniel's Law requires notification and is "not a trap for the unwary." *Kratovil v. City of New Brunswick*, 336 A.3d 201, 217 (2025).

Four additional points.

First, *Jackson* all-but ignored *Moody v. NetChoice, LLC*, 603 U.S. 707 (2024), substituting a test requiring only "a substantial risk" of "the suppression of speech." *Jackson* at 11 (quotation marks and citations omitted). *Jackson* never analyzed the law's scope, assessed which standard of scrutiny applies to which applications, or conducted any weighing. *See Netchoice v. Georgia*, No. 25-12436, 2026 WL 3079563, at *5-7 (Oct. 15, 2026).

Second, *Jackson*'s dismissal of *Florida Star* as a case about "news organizations" is inconsistent with Supreme Court precedent, the Fourth Circuit's

BSF



own caselaw and this Court's and the New Jersey Supreme Court's precedent. *See Snyder v. Phelps*, 562 U.S. 443 (2011)(non-media defendant); *Citizens United v. FEC*, 558 U.S. 310, 352 (2010); *Ostergren v. Cuccinelli*, 615 F.3d 263 (4th Cir. 2010); *Schrader v. Dist. Att'y of York Cnty.*, 74 F.4th 120, 128 (3d Cir. 2023); *G.D. v. Kenny*, 205 N.J. 275, 300 (2011). Although *Florida Star* said its holding was "limited," that was because the Court was not suggesting "there is no zone of personal privacy . . . the State may protect." 491 U.S. 524, 541 (1989).

Third, Defendants blatantly misrepresent that *Jackson* rejected "each argument Appellees raise" for intermediate scrutiny. Doc. 127 at 1. *Jackson* never considered *Davenport v. Washington Educational Association*, 551 U.S. 177 (2007); *see also* Doc. 63 at 35-37 (citing *Davenport* and *VoteAmerica v. Schwab*, 121 F.4th 822 (10th Cir. 2024)).

Fourth, *Jackson* only concluded the law was content based because it did not require notification, meaning the "only difference" defining a prohibited disclosure was its "content." Ex. A, 15. New Jersey's Law requires notification, and is "agnostic" as to dissemination of contact information except when a nondisclosure request was made, so it is not content based. Doc. 63 at 48.

Respectfully submitted,

/s/ *Eric Palmer*

Eric Palmer

*Attorneys for Atlas Data Privacy Corp*

Word Count: 350

cc: All Counsel of Record (via ECF)